**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN FLOYD VOSS, | ) |
| Petitioner, | ) 3:18-cv-00057-HDM-VPC |
| v. | ) **ORDER** |
| ISIDRO BACA, et al., | ) |
| Respondents. | ) |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 1651 (ECF No. 1) comes before the court for initial review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Petitioner in this action challenges a judgment of conviction that was entered in Case No. CR96P1581 in Second Judicial District Court of the State of Nevada. (*See* ECF No. 1 at 19). Petitioner previously challenged this judgment of conviction by way of a 28 U.S.C. § 2254 petition filed in federal court in Case No. 3:02-cv-00092-HDM-VPC. (*Id.* at 2). The petition in Case No. 3:02-cv-00092-

HDM-VPC was denied on the merits, and the Ninth Circuit declined to issue a certificate of appealability.

Although petitioner was, at the time he filed the petition, in state custody pursuant to a judgment of conviction, he did not file his petition pursuant to § 2254, which applies when a prisoner is in custody pursuant to a state court judgment.[1] Rather, he filed the petition pursuant to § 2241, the general habeas statute, on the grounds that the judgment of conviction in Case No. CR96P1581 was "vitiated, reversed, or vacated" when the state court granted him habeas relief and thus the judgment of conviction is "null and void." (ECF No. 1 at 9).

Petitioner argues that in 2001, before filing his first federal habeas petition, the state trial court granted his state habeas petition in part and directed that he receive a new sentencing hearing. To date, he asserts, he has not been re-sentenced. Petitioner argues, without authority, that the court's grant of habeas relief had the effect of voiding the judgment of conviction and that because no new judgment of conviction was ever entered, he was being held unlawfully in the state courts.

The state court ordered that petitioner receive a new sentencing hearing. The order specifically held that the action was remanded for the limited purpose of conducting a new sentencing hearing and did not vacate the judgment of conviction. (*See* ECF No. 1 at 19-25). Accordingly, the petitioner was a prisoner in state custody pursuant

---

[1] The sentence petitioner challenges expired on March 4, 2018, about a month after he filed the instant habeas petition. Petitioner remains in custody on a life sentence without the possibility of parole and a life sentence with the possibility of parole after 15 years pursuant to a judgment of conviction entered in a separate criminal action. *See* http://167.154.2.76/inmatesearch/form.php (last visited June 7, 2018).

to a judgment of conviction at the time he filed the instant petition, and the only procedural vehicle available for his claims was 28 U.S.C. § 2254.

Because petitioner previously challenged the judgment of conviction in Case No. CR96P1581 through a § 2254 petition, the instant petition is second or successive. The Court lacks jurisdiction to consider a second or successive petition absent authorization from the Court of Appeals. 28 U.S.C. § 2244(b). The Court of Appeals very recently denied petitioner leave to file a second or successive petition in Case No. 17-71612. Petitioner therefore does not have, and will not likely obtain, authorization to file a second or successive petition. The petition in this case must therefore be dismissed for lack of jurisdiction.

Accordingly, IT IS HEREBY ORDERED that the petition in this action (ECF No. 1) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that petitioner's motion for a stay (ECF No. 3) is DENIED AS MOOT.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability, as jurists of reason would not find the court's dismissal of this petition to be debatable or wrong.

IT IS FURTHER ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The clerk of court shall enter final judgment accordingly,

dismissing this action without prejudice.

IT IS SO ORDERED.

DATED: This 8th day of June, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE