UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN FLOYD VOSS,<br><br>       Petitioner,<br> v.<br>ISIDRO BACA, et al.,<br><br>       Respondents. | Case No. 3:18-cv-00057-HDM-VPC<br><br>ORDER |

This closed *pro se* habeas petition comes before the court on petitioner's motion for rehearing and reconsideration of the order denying motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), or, in the alternative, for issuance of a certificate of appealability. (ECF Nos. 11 & 12).

Petitioner initiated this action pursuant to 28 U.S.C. § 2241 alleging that he was being unlawfully restrained in connection with Second Judicial District Court Case No. CR96P1581. (*See* ECF No. 1 at 19). In his petition, petitioner argued that his detention was unlawful because the judgment of conviction in CR95P1581 was void and invalid due to the fact he had never been resentenced despite a state court ruling in postconviction proceedings that petitioner was entitled to a new sentencing hearing. This court concluded that petitioner had not shown the judgment of conviction in CR96P1581 was void, and thus as he was in custody pursuant to a state court judgment of conviction and had previously challenged the judgment of conviction in CR96P1581 in a federal case decided on the merits, the petition was second or successive and therefore required to be dismissed. (ECF No. 4).

Following the court's decision, the petitioner obtained relief from the Nevada Court of Appeals, which found there was no valid judgment of conviction in CR96P1581 and therefore ordered the state court to resentence petitioner. Petitioner moved this court for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) because the state courts had recognized there was no valid judgment of conviction in CR96P1581. The court denied petitioner's motion for relief, reasoning: (1) that because petitioner is currently serving a sentence of life without the possibility of parole in another criminal case, he is not being unlawfully detained; (2) that even if petitioner could assert a claim based on the delay in his resentencing in CR96P1581, he would have to show prejudice and that he could not do so; and (3) because petitioner was actively litigating in the state courts whether they had the authority to resentence him and the court would abstain from interfering in those ongoing state court proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 10).

Petitioner has now moved for reconsideration or, in the alternative, for the grant of a certificate of appealability. For the reasons that follow, petitioner's motions will be denied.

"A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1. Absent highly unusual circumstances, the court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was

2

manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Sw. Circle Group, Inv. v. Perini Bldg. Co.*, 2010 WL 4606999, at *1 (D. Nev. Nov. 5, 2010) (internal citations and punctuation omitted). Accordingly, a motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). At the same time, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

Petitioner argues that the court's order denying his Rule 60(b) motion for relief overlooked or misapprehended several facts.

First, petitioner asserts that the state court no longer has jurisdiction to sentence him since he has expired all the sentences imposed in the original judgment of conviction entered in CR96-1581. The court does not agree that the state courts lack jurisdiction to resentence him on this basis or that such would result in Double Jeopardy violation.

Second, petitioner argues that he is in custody as a pretrial detainee in CR96P1581. The court has already considered and

addressed this argument in its prior order and will not revisit the matter.

Third, petitioner asserts that the court need not abstain pursuant to *Younger* because there are extraordinary circumstances, namely the state court lacks jurisdiction to resentence him and his speedy trial rights have been violated. As previously noted, the court disagrees that the state courts lack jurisdiction to resentence petitioner. The court also disagrees that the facts of the petition could establish a speedy trial violation.

Fourth, petitioner argues the court need not abstain because the state courts had already decided that they have the jurisdiction to resentence him. However, the state court records clearly reflect that this matter was still being litigated at the time the court entered its order denying Rule 60(b) relief and is still being litigated as of this date. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=54565 (last accessed July 17, 2019) (motion for rehearing pending).

Fifth, petitioner asserts that if this action is dismissed, he will be without a remedy to challenge his judgment of conviction because he will in all likelihood be sentenced to time served and thus will not be able to file a petition while in "custody." The court has already rejected this argument. Petitioner has had a full and fair opportunity to challenge the judgment of conviction in CR96P1581 in the state and federal courts and thus the dismissal of this case will not deprive him of the opportunity to challenge the judgment of conviction in CR96P1581.

Finally, petitioner argues that he is not being validly detained because his life without parole sentence is not final; he

4

argues that a second amended judgment of conviction was entered in that case and is currently on appeal. The court does not agree. That petitioner is appealing the judgment of conviction in his other case does not mean that he is being unlawfully detained in that case -- now or at any point before now.

The court has further considered the arguments petitioner has raised, with respect to whether they meet the standard for issuance of a certificate of appealability, and concludes that none does. Accordingly, petitioner's request for a certificate of appealability will be denied.

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's motion for rehearing and reconsideration (ECF Nos. 11 & 12) is DENIED.

IT IS FURTHER ORDERED that petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED THIS 17th day of July, 2019.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE